MAY (JOHNSON v.). See Case No. 7,397.

---

## Case No. 9,334.

### MAY v. JOHNSON COUNTY.[1]

Circuit Court, D. Indiana. June 1, 1872.

PATENTS—MECHANICAL EQUIVALENT—MODE OF OPERATION—RESULT IN KIND.

[1. Substantial use of a mechanical equivalent to accomplish the same result as a patented article, constitutes infringement.]

[Cited in May v. Mercer Co., 30 Fed. 249.]

[2. A mechanical equivalent is where one means may be adopted instead of the other to accomplish the same result by a skilled mechanic accustomed to machinery, and with a competent knowledge of mechanical powers.]

[Followed in May v. Fond du Lac Co., 27 Fed. 693.]

[3. To constitute infringement, the thing used must be such as substantially to embody the patentee's mode of operation, and thereby attain the same result in kind.]

[Action at law by Edwin May against the board of commissioners of Johnson county for infringement of patent No. 110,483, to fasten cell doors in a prison simultaneously.]

Nichol & Jordan and McDonald & Butler, for plaintiff.

Hendricks, Hood & Hendricks and Martin M. Ray, for defendant.

DAVIS, Circuit Justice. The laws of congress secure to a party for a limited term of years a property right in a new and useful improvement. If the subject-matter of a patent possesses the requisites of novelty and utility, it is protected against the encroachments of society, and no one has the right to use it without paying for it. By a natural law, the creations of a man's genius

---

¹ [Reprinted from 4 N. B. R. 478 (Quarto, 156), by permission.]

¹ [Not previously reported.]

are as much his own property as the horse or land he may purchase with money which he has earned. And the patent law [5 Stat. 117], in order to encourage the inventive faculty, recognizes as patentable an improvement in any art which is useful to the public and not before known, although the result is produced by a mechanism which combines old mechanical power without the use of any new element.

The true question in such a case is whether the combination of materials by the patentee is new. If they have never been combined together in the manner stated in the patent, but the combination is new, then the invention of the combination is patentable. So far as the evidence goes, it does not appear that any such combination was known or in use before May's invention. The jury, therefore, have only to consider whether Hodson's structure is an infringement on May's. Hodson's structure seeks to accomplish the same result as May's. Both construct prisons so as to avoid necessity of actual contact with the prisoners while the keeper can observe their movements and control them. The utility of such an invention commends itself to the common mind, and does not need to be enlarged upon. To construct a jail, so that prisoners can be safely kept and their movements controlled, and the jailer secure from violence, is a beneficial object. Does Hodson's structure infringe on May's? In their scope and object they are alike, and evidently intended to secure the same result. Do they differ essentially in their organization or mode of operation? The one is evidently equivalent to the other, as producing the same result, but in this sense it is not material to consider the subject.

The main question is, whether Hodson has used substantially the same means, or, mechanically speaking, equivalent means, to accomplish the same result. If he has, he is an infringer, otherwise not, and whether he has or not is a question for the jury to determine. A mechanical equivalent, as generally understood, is where one may be adopted instead of the other, by a skilled mechanic accustomed to machinery, and with a competent knowledge of mechanical powers. If such a man, seeing a new machine, and having a full description of the thing invented, can, by sitting down and examining it with care, see that the required thing can be done in a different mode, and it is done in that different mode by the knowledge which he has of his business, he has not produced a new invention, nor one substantially differing from the original. But, if the inventive faculties are exercised to produce the change, then he has a right to the benefits of whatever he thus invents. There must be mind and inventive genius involved in the change, and not the mere skill of the workman to avoid the consequences of an infringement. To constitute an infringement, the thing used by the defendant must be such

as substantially to embody the plaintiff's mode of operation, and thereby attain the same kind of result as was reached by his invention. It is not necessary that the result should be precisely the same in degree, but it must be the same in kind. For instance, the shutting one dorr, instead of two is a difference in degree, but not in kind. The same function is performed.

Keeping these general principles in mind, I hope you will find no difficulty in applying them to the present case. May's patent is really for a method, unknown before, of bolting prison doors, without coming in contact with prisoners. The mechanical arrangement to do this was patentable, and he is to be considered as the original combiner of this mechanical arrangement so as to produce the intended result. In doing this he has used nothing new, nor was he required to do it. Bolts, bars, locks, levers, and pulleys are all old, but May has used them in such a way that the jailer can control the prisoners by working the doors while remaining away from the prisoners. It is the working of the doors so as to avoid the necessity of actual contact with the prisoners which is the thing invented by May. This is his idea, and as he has carried it into successful practice, he is protected by law, and should be. If it were otherwise, there would be no encouragement to inventive genius.

Keeping in mind that May's invention is the ability of the jailer, from the moment he enters the outer door, to control the prisoners by bolting the doors while separated from him, the question arises, does Hodson's apparatus infringe it? The difference between the two machines, which it is important for you to notice, consists in the different means used to fasten the doors. In both machines the apparatus used is to fasten the doors, so as to control the prisoners, without being under any apprehension from them. May complains that Hodson has appropriated his purpose, and arranged his machine on the same principle although the form of it has varied. The question of infringement is one for the jury. The true point is, have the defendants used the invention of the plaintiff, or something substantially like it? Do the two structures operate upon the same principle? Are they substantially the same? Did it require any invention to substitute the pulley for the lever, or to fasten the first door horizontally instead of perpendicularly? If it did not, they are mere changes of forms, to produce the same result, and the party using them in this way is an infringer. The operation of pulleys and levers is as old as society. Suppose a skilled mechanic should see May's invention; would he not at once know that the lever power in the pulley could serve the same purpose as the lever power in the lever and endless chain? This is a question for your determination. May's invention secures to him, not only the means he used, but all other mechanical contrivances which

are equivalent. It is well known to all intelligent men that the pulley and weight can be used to produce the same effect as the lever and bar. Did it require any exercise of invention to substitute the pulley for the lever, or the bolt horizontally for the bolt perpendicularly. Would or not any good mechanic at once see that these substitutes could be used to produce the same effect. If so, Hodson has pirated May's invention, and must respond in damages. It is for you, from the evidence, to say whether he has or not. You have heard the evidence, and must decide what witnesses to believe or disbelieve. I regret that the witnesses in this case have not, by their superior intelligence on this subject, been able to lighten your labors. But I think, after all, that the case will not give you a great deal of trouble. If you find for the plaintiff, you will find $400.

The jury returned a verdict for plaintiff and assessed his damages at $400, as instructed.